UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HEATH,

          Plaintiff,

vs.                                     CASE NO. 18-cv-01887

JONATHAN C. FRANK & ASSOCIATES, LLC
and JONATHAN C. FRANK
and CONSUMER SOLUTIONS GROUP, LLC
and JTM CAPITAL MANAGEMENT, LLC,

          Defendants.
_____/

## CASE MANAGEMENT REPORT

1.    Meeting of Parties:

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on November 30, 2018 (_X_) by telephone (or) (____) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Kimberly H. Wochholz | Plaintiff |
| M. Scott Thomas | Defendant, Consumer Solutions Group, LLC |
| Christopher A. Walker | Defendant, JTM Capital Management, LLC |

2.    Initial Disclosures:

a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in

the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

  __X__      have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before __December 18, 2018__.[2]

  _____      stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

  _____      have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

    a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

        (1) <u>Requests for Admission</u>:

        As permitted by the Federal Rules of Civil Procedure.

        Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

(2) <u>Written Interrogatories</u>:

As permitted by the Federal Rules of Civil Procedure.

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

As permitted by the Federal Rules of Civil Procedure.

(4) <u>Oral Depositions</u>:

As permitted by the Federal Rules of Civil Procedure.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
| --- | --- | --- |

As permitted by the Federal Rules of Civil Procedure.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

September 24, 2019

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

As permitted by the Federal Rules of Civil Procedure.

      d.  Completion of Discovery:  Plaintiff will commence all discovery in time for it to be completed on or before November 5, 2019.

4.    Discovery Plan - Defendant:  The parties jointly propose the following Defendant's discovery plan:

      a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

          (1) Requests for Admission:

          As permitted by the Federal Rules of Civil Procedure.

          Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

          (2) Written Interrogatories:

          As permitted by the Federal Rules of Civil Procedure.

          Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

          (3) Requests for Production or Inspection:

          As permitted by the Federal Rules of Civil Procedure.

          (4) Oral Depositions:

          As permitted by the Federal Rules of Civil Procedure.

          Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

>Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.
>
>The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:
>
>| Name | Proposed length of Deposition | Grounds |
>|---|---|---|
>
>As permitted by the Federal Rules of Civil Procedure.
>
>b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:
>
>October 8, 2019
>
>c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:
>
>As permitted by the Federal Rules of Civil Procedure.
>
>d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before December 6, 2019.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

None at this time.

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

None at this time.

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:

Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be <u>February 28, 2019</u>, motions for summary judgment, and all other potentially dispositive motions should be <u>January 15, 2020</u>. (Note time limit in Local Rule 4.03.)

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

    Parties agree that settlement is
    __ X __    likely    (check one)
    _____    unlikely.

    Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
    _____ yes   __ X __ no   _____ likely to agree in future

    If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

    _____ yes   __ X __ no   _____ likely to agree in future

10.    <u>Preliminary Pretrial Conference</u>: Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

    Track Two Cases:  Parties
    ___ request   (check one)
    _X_ do not request
    a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11.    <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or before <u>May 8, 2020</u> (date) and for trial on or after <u>June 1, 2020</u> (date). This Jury  _X_ Non-Jury ___ trial is expected to take approximately <u>16</u> hours.

12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.    <u>Other Matters</u>:

    On October 2, 2018, Defendant JTM Capital Management, LLC moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), which remains pending before the Court.

Date:  December 10, 2018

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties:

*s/ Kimberly H. Wochholz*
Kimberly H. Wochholz, Esq.
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Ave.
Suite 200
Tampa, FL 33614
Tel: (813) 435-5055 ext 102
Fax: (866) 535-7199
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*

*s/ M. Scott Thomas*
M. Scott Thomas, Esq.
Fla. Bar No. 0994898
50 North Laura Street
Suite 3000
Jacksonville, FL 32202
Tel: (904) 232-7233
Fax: (904) 485-8945
msthomas@burr.com
*Counsel for Defendant, Consumer Solutions Group, LLC*

*s/ Christopher A. Walker*
Christopher A. Walker, Esq.
Fla. Bar No. 114793
Lippes Mathias Wexler Friendman, LLP
882 U.S. Highway A1AN
Suite 100
Ponte Verde Bearch, FL 32082
Tel: (904) 660-0020
Fax: (904) 660-0029
cwalker@lippes.com
*Counsel for Defendant, JTM Capital Management, LLC*

*s/ Gregory R. Neidle*
Gregory R. Neidle, Esq.
Pro Hac Vice
MI Bar No. P59273
Dobbs & Neidle, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Tel:  (248) 723-9511
Cell: (734) 751-0229
Fax: (248) 723-9531
gneidle@dobbsneidle.com
*Counsel for Defendant, Consumer Solutions Group, LLC*